# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | **FILED** | |
| v. | JUN 2 3 2005 | CR NO. 05-232  (JMF) |
| NORRIS ROBERT MARTIN, | NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT | |
| Defendant. | | |

## DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that the defendant be detained pending trial. After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

## FINDINGS OF FACT

1.  On June 14, 2005, a grand jury indicted Norris Robert Martin ("Martin") on four counts of distributing crack/cocaine base. The fourth count involved the alleged distribution of over 50 grams of cocaine base, with a value of approximately $1200.

2.  On June 17, 2005, a warrant was executed for Martin's arrest. Officers arrested Martin and searched his residence. Among the items seized were a black bag containing 100 grams of crack, 50 grams of cocaine powder, drug paraphernalia, and two guns with ammunition. Furthermore, Martin had an additional ounce of

crack on him at the time of his arrest. Officers also found $3500 in cash in

Martin's car, after he consented to a search.

## REASONS FOR DETENTION

An examination of the factors required to be considered by 18 U.S.C. section 3142(g)

compels the conclusion that there is clear and convincing evidence that defendant's release on

any condition or combination of conditions will not reasonably assure the safety of the

community and his detention is, therefore, appropriate.

### The Statutory Standard

Defendants who are charged with an offense for which a term of imprisonment of 10

years is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 *et seq.*), the Controlled

Substances Import and Export Act (21 U.S.C. §§ 951 *et seq.*), or the Maritime Drug Law

Enforcement Act (46 U.S.C. §§ 1901 *et seq.*) are eligible for pretrial detention. 18 U.S.C. §

3142(f)(1)(C). If there is probable cause to believe that the defendant committed an offense for

which a maximum term of imprisonment of 10 years or more is prescribed in those three statutes,

it is presumed that there is no condition or combination of conditions which will reasonably

assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e). In

determining whether there are conditions of release that will reasonably assure the appearance of

the person as required and the safety of any other person and the community, the judicial officer

is to consider:

1.  The nature and circumstances of the offense charged, including whether the
    offense is a crime of violence or involves a narcotic drug;

2.  The weight of the evidence;

2

3.  The history and characteristics of the person, including

    a.  His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

    b.  Past conduct, history relating to drug or alcohol abuse;

    c.  Criminal history;

    d.  Record concerning appearance at court proceedings;

    e.  Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law;

4.  The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142.

An examination of these factors compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.** The offenses charged involve distributing narcotic drugs. Furthermore, police found narcotic drugs on defendant at the time of his arrest.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.** Defendant has been a DC area resident for the past thirty years. He is married and lives with his wife and three of his four children. For the past nine months, defendant has been unemployed.

**The weight of the evidence.** The weight of the evidence is substantial. There is strong

corroborating evidence, including police testimony. Furthermore, drugs were found on defendant

at the time of his arrest, guns and drugs were seized from defendant's residence, and $3500 in

cash was found in defendant's car.

**History relating to drug or alcohol abuse.** Defendant self-reported substance use

within the past thirty days.

**Record concerning appearance at court proceedings and prior criminal record.**

Defendant has a prior felony conviction from 1997 for possession with intent to distribute

cocaine, and possession of heroin. Defendant also has a prior misdemeanor conviction from

1990 for attempted possession of cocaine.

**Whether on probation or parole at the time of the present offense.** Defendant was

neither on probation nor parole at the time of the present offense.

### CONCLUSION

A weighing of all the pertinent facts compels the conclusion that the defendant should be

detained pending trial. Martin is accused of conducting four separate drug sales and the weight

of the evidence against him is substantial. Furthermore, drugs and guns were found at Martin's

home, and $3500 in cash was found in his car, despite Martin's not being employed. Martin also

has a prior felony conviction for selling drugs. Martin has proffered little to rebut the

presumption of his dangerousness created by the Bail Reform Act; I find by clear and convincing

evidence that there are no conditions or combination of conditions I could set which would

reasonably assure the safety of the community. I will, therefore, order the defendant detained

without bond pending trial.

4

JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

**June 22, 2005**

5