January 19, 2006
The Honorable James Robertson
United States District Court
for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001

CR 05-0232

Dear Judge Robertson,

    My name is Nicole Martin and I am the wife of Norris Martin, who is before your court in case number CR-05-232-JR. To begin, I would like to first acknowledge that the purpose of my letter is in no way meant to undermine the charges in which my husband Norris stands accused of. Instead, it is important for me to share with you my thoughts on how this case has been carried out and to also share with you some additional information about Norris.

    On the evening of June 16, 2005, agents arrived at my home to serve a search warrant. It was a nice day, so my eldest daughter Kanysha, who at the time was 15, was sitting on the porch. Kanysha saw the caravan of agents arriving on my street and attempted to come in the house when all of the agents exited their units. The agents saw my daughter get up and ran to stop her and tried to force her into one of the units. I was situated at my computer, completing assignments for school, when I began to hear commotion outside.

    Before I could get up to check, my front door opened. I stood up to see what was going on and was approached by the lead agent and questioned as to who I was. I was fully cooperative and requested to see the warrant, which he asked another agent to find. While he was talking, I noticed that my 15 year old daughter was sitting outside on the porch, handcuffed and crying. I asked the lead agent if he could please allow my child to come inside to be with me, my baby (8 months at the time), my nine year old daughter, Norris' niece, and her daughter and son. At first they told me no and wouldn't back down. I pleaded that my daughter was a minor, that she's scared and I assured the agent that I could calm her down. It was then that he allowed my daughter to be unhand-cuffed and allowed inside with me.

    I was informed by the lead agent that my husband Norris was already in custody and that he would be going away for a long time. That information sent my children into another hysterical breakout. I politely asked the agent if he would speak with me away from the children, so that they would not be subjected with hearing our conversation and he agreed. Judge Robertson, I had nothing to hide and I continued to cooperate, providing details of my employment and family history. My family and I were allowed to sit together in the dining area until the search had been completed. I must say that I am very disappointed in the manner in which the agents chose to deal with my 15 year old daughter, but I did not disrespect any agent that was in my home. The agent mentioned that he was not saying my husband was a bad man and I already know this because we have been together for over sixteen years.

*[handwritten: 2/9/06 Leave to file granted. Robertson USDJ]*

Upon my review of the indictment with Norris' attorney, Mr. Daniel, I was able to get a better understanding of the case and the charges brought against Norris. Judge Robertson, I am not a lawyer or prosecutor, but it appears to me that the legal system and its accompanying laws are being abused by law enforcement authorities. I am not saying that the laws in placed should be ignored. I am however expressing my opinion as to the unjust nature in which law enforcement officials take in order to stiffen the penalties that offenders face. I don't think it is fair how investigators take matters into their own hand in order to get these stiffer sentences.

Under the advice of Idus Daniel, Norris' lawyer, Norris signed on to a plea agreement that I think is unacceptable. Judge Robertson, I honestly and truly believe that my husband signed the papers, fearing that this would be the quickest way for him to return to his family. Norris and I realize that every crime is by law punishable. We just seek to have some light brought on this case and how authorities choose to allow circumstances to occur in order to get a stiffer penalty. As I mentioned before we have a total of four daughters; ages 17, 16, 9 and 15 months. Norris is and has always been a family man. His daughters cherish the ground he walks and are devastated that he is not with them. It hurts me to see my children and step-daughter unhappy like this. I have assured the girls that "Dad" has not abandoned them and he will be home one day. He is an excellent father and I would not trade him in for another. It is for these reasons why it is important for Norris to be reunited with him family.

Norris has a personality that many come to love and respect. He is committed to having his family stick together and once planned on adopting a nephew that was facing foster care. He very is sympathetic to children that are parentless. His mother died when he was in elementary school and his father was not active in his life. On any given day after work, you could often find Norris lending a hand to our relatives and friends or people that have hired him to complete home improvement projects.

Judge Robertson, Norris has made several accomplishments in the last ten years and I am very proud of him. He has completed a Landscape Certification and he has had training in electricity. Norris has completed the required hours at the Bladensburg Barbering School and only has to complete required board exams to obtain his license. The accomplishment I am most proud of is Norris' completion of an Apprenticeship with the United Brotherhood of Carpenters. The program was four years and Norris has been working with numerous contractors every since.

My husband and I have made plans to become entrepreneurs and I am currently doing my part by acquiring my Associates Degree, which I will have Fall 2006. I am excited, but it saddens me that my partner may miss my graduation. My husband has always been my support and I have been his. It hurts me that something like this has occurred, but I remain strong in support and vow to encourage Norris' positive decision making every step of the way. Judge Robertson it is my belief that the law enforcement officials that work to protect our city, also be made aware that sentence entrapment is wrong.

    I understand how busy your schedule must be and I appreciate your attention to my letter. Thank you for your time and consideration.

Sincerely,

Nicole Martin