UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CN: CR-05-232-01 |
| | : | |
| NORRIS MARTIN | : | |
| _____ | : | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

**Background**

On June 14, 2005, the Defendant, Norris Martin, was named in a four count Indictment filed by the United States Attorney's Office in the United States District Court, Washington, D.C. The Indictment charged the defendant with Unlawful Possession with Intent to Distribute 50 Grams or More of Cocaine Base, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(A)(iii)) and Unlawful Distribution of 50 grams or More of Cocaine Base, in violation of Title 21, United States Code 841(a)(1) and 841(b)(1)(A)(iii)).

The defendant entered the plea before this Court on December 21, 2005, pursuant to a plea agreement with the government.

The plea agreement states that in exchange for the defendant's plea of guilty to Count Four of the Indictment, the government will move the Court at the time of

1

sentencing to dismiss the remaining counts.  Counsel for the Government agrees that the base offense level for the crime he is pleading guilty to should be decreased by three levels based upon his acceptance of responsibility, pursuant to U.S.S.G.  3 E1.1.

Notwithstanding, Mr. Martin seeks a sentence below the advisory guideline range.  The reasons therefore are set forth below.

## The Impact of United States v. Booker

In <u>United States v. Booker</u>, 2005WL50108 (January 12, 2005) the United States Supreme Court held that the Untied States Sentencing Guidelines were advisory rather than mandatory.  The Court made clear, however, that the sentencing court must consider the Guidelines when imposing sentence:"[T]district courts, while not bound to apply the Guidelines , must consult those Guidelines and take them into account when sentencing" I., 2005 WL 50108 at 18.  The district court is obliged to impose a "reasonable" sentence. <u>Id</u>.

A judge's sentencing decision must be governed by section 3553(a), not section 3553(b).  The core requirement of section 3553(a) is that the court impose sufficient, but not greater than necessary, to comply with, the purposes" of sentencing set forth in section 3553(a)(2).  The guidelines are but one of the factors set forth in section 3553(a).  If a court were to simply follow the advisory guideline sentence, without examining the remaining section 3553(a) factors, or treat the guideline sentence as the

2

presumptively correct sentence, then the sentence would suffer from the same Sixth Amendment flaws that prompted Booker's holding. A sentence that presumes the correctness of the guidelines would also violate the plain language of section 3553(a), which provides no order of priority among the factors. Thus, the Court is not required to give any greater weight to the guideline than it would any other factor. See id. (Scalia, J. dissenting).

With this in mind, sentencing should be focused on the core principle that the sentence should be "sufficient, but not greater than necessary" to meet the goals of section 3553(a)(2). Section 3553(a) factors are:

1. "the nature and circumstances of the offense and the history and characteristics of the defendant, 18 U.S.C. §3553(a)(1);

2. The need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, "18 U.S.C. §3553(a)(2)(A);

3. The need for the sentence imposed "to protect the public from further crimes of the defendant," 18 U.S.C. §3553(a)(2)( C);

4. The need for the sentence imposed "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, "18 U.S.C. § 3553(a)(2)(D);

5. The kinds of sentences available, 18 U.S.C. §3553(a)(3);

6. The guidelines in effect at the date of sentencing and any pertinent policy

3

statements, 18 U.S.C. §3553(a)(4) and (5);

7. "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, "18 U.S.C. §3553(a)(6);

8. "the need to provide restitution to any victims of the offense, "18 U.S.C. §3553(a)(7).

## DISCUSSION

Mr. Martin is acutely aware of the seriousness of the offense for which he has accepted responsibility. He acknowledges that his involvement in the offense was a grave mistake that will always effect his life. Mr. Martin is indeed contrite and remorseful for his conduct. Mr. Martin appeals to the wisdom and mercy of this Honorable Court for a "just" resolution of his case.

Though Mr. Martin is youthful, he has made an otherwise positive and significant impact on our community. The letters written and submitted in support of Mr. Martin are a testament to his "good nature". Mr. Martin, at the time of this offense, was clearly at a crossroads in his life. Unfortunately, this is a circumstance that besets an extraordinary number of youths, male and female, in our community. It is apparent, however, that Mr. Martin possesses the family support and will power to make positive choices in his life.

The court has before it a worthwhile defendant, and a plethora of sentencing options available. Mr. Martin does not submit he should avoid punishment altogether.

4

He only ask this Honorable Court to impose a sentence that is "sufficient, but not greater than necessary" to effect a "just" result.

Since the introduction of the U.S.S.G., there have been inherent disparities that result from certain sentences. Specifically, the disparity in the length of sentences imposed in crack-cocaine cases vs. the length of sentences imposed in powder cocaine cases.

*Crack/Powder Ratio.* The United States Sentencing Commission identifies the 100-to-1 crack/powder cocaine quantity ratio as a sentencing rule that disproportionately impacts a "particular offender group" but serves "no clear sentencing purpose" because "[t]he harms associated with crack cocaine do not justify its substantially harsher treatment compared to powder cocaine." The crack/powder quantity ratio "contributes more to the differences in average sentences between African-American and White offenders than any possible effect of discrimination. Revising the crack cocaine thresholds would better reduce [the differences in average sentences between African-Americans and White offenders] than any other single policy change, and it would dramatically improve the fairness of the federal sentencing system.

The Commission has repeatedly blamed Congress for the crack/powder quantity disparity and has just as repeatedly recommended to Congress (in Reports to Congress in

5

1995, 1997, and 2002) that the crack quantity thresholds be revised upward.

The Court is required to avoid such sentencing disparities among similarly situated defendants. If so, at minimum the court should bring Mr. Martin' sentence in line with those sentenced for controlled substances violations involving powder cocaine.

Accordingly, for the reasons set forth herein, the defendant requests that he receive a sentence that reflects the discussion and legal requirements submitted herein.

                              Respectfully submitted,

                              _____
                              IDUS J. DANIEL, JR.
                              Bar No. 405077
                              639 I Street Northeast
                              Washington, DC  20002
                              (202) 546-5023
                              ijdaniel_law@hotmail.com

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Defendant's Memorandum In Aid Of Sentencing was hand-delivered and mailed postage pre-paid to Ms. Wanda Dixon, Assistant U.S. Attorney, 555 4th. Street, N.W., Washington, DC  20530 this ___day of February, 2006.

_____
IDUS J. DANIEL, JR.

8

9

Case 1:05-cr-00232-JR   Document 16   Filed 02/23/2006   Page 9 of 9